# United States Bankruptcy Court
## Northern District of California

In Re:  CARLOS E. RAZURA, SR.,       Case No. 13-43206 ek

                 Chapter 7

         Debtor.

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008.  It may be filed by any party to the reaffirmation agreement.

1.    Creditor's Name:  FORD MOTOR CREDIT COMPANY

2.    Amount of the debt subject to this reaffirmation agreement:
   $8,859.42 on the date of bankruptcy
   $8,859.42 to be paid under reaffirmation agreement

3.    Annual percentage rate of interest:  9.00% prior to bankruptcy
   9.00% under reaffirmation agreement ( X  Fixed Rate ___Adjustable Rate)

4.    Repayment terms (if fixed rate):  $348.73 per month for 26 months
   $348.36 per month for 1 month

5.    Collateral, if any, securing the debt:
   Current market value (Kelley Blue Book):  $17,915
   Description:  2006 Ford F250

6.    Does the creditor assert that the debt is nondischargeable?  ___Yes  X  No
   If yes, attached a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

Debtor's Schedule I and J Entries | Debtor's Income and Expenses
As Stated on Reaffirmation Agreement

7A. Total monthly income from  $21,664
Schedule I, line 16

7B. Monthly income from all  $21,664
Sources after payroll deductions

8A. Total monthly expenses  $25,211
From Schedule J, line 18

8B. Monthly expenses  $25,211

9B. Total monthly payments on $_____
Reaffirmed debts not included
In monthly expenses

9A. Total monthly payments on  $_____
Reaffirmed debts not listed on
Schedule J

10B. Net monthly income  $(3,547)
(Subtract sum of lines 8B and 9B from
Line 7B.  If total is less than zero, put
the number in brackets.)

FBKE.3308

11. Explain with specificity any difference between the income amounts (7A and 7B):

_____

_____

12. Explain with specificity any difference between the expense amounts (8A and 8B):

_____

_____

   If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____          _____
Signature of Debtor (only required if            Signature of Joint Debtor (if applicable, and only
Line 11 or 12 is completed)                      required if line 11 or 12 is completed)

Other Information

☒   Check this box if the total on line 10B is less than zero.  If that number is less than zero, a pesumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Debtor expects business income to increase as economy improves.

_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?

_____ Yes            _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?

_____ Yes            _____ No

## FILER'S CERTIFICATION

   I hereby certify that the attached agreement is a true and correct copy of the Reaffirmation Agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

Austin P. Nagel    7-25-13
Print/Type Name and Signer's Relation to Case

The Creditor completed Questions 1-6 on this form.  The Debtor(s) completed the remaining questions on this form.  By signing this form, the Filer is only certifying:  (1) that the attached Agreement is a true and correct copy of the Reaffirmation Agreement between the parties; and (2) the information in Questions 1-6.  The Filer is not certifying the accuracy of any information supplied by the Debtor(s).

> ☒ **Presumption of Undue Hardship**
> ☐ **No Presumption of Undue Hardship**
> (Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement)

## UNITED STATES BANKRUPTCY COURT

### Northern District of California

IN RE:  CARLOS E. RAZURA, SR.       Case No.:  13-43206 ek
                                         Chapter 7

## REAFFIRMATION AGREEMENT

*{Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A:  Disclosures, Instructions, and Notice to Debtor (pages 1-5)

☒ Part B: Reaffirmation Agreement

☒ Part C:  Certification by Debtor's Attorney

☒ Part D:  Debtor's Statement In Support of Reaffirmation Agreement

☐ Part E:  Motion for Court Approval

*[Note:  Complete Part E only if Debtor was not represented by an attorney during the course of negotiating this agreement.  **Note also:**  If you complete Part E, You must prepare and file Form 240B – Order on Reaffirmation Agreement.]*

**Name of Creditor:**  FORD MOTOR CREDIT COMPANY

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A:  DISCLOSURE STATEMENT, INSTRUCTIONS, AND NOTICE TO DEBTOR

### 1.  DISCLOSURE STATEMENT

**Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:**

## SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

### *AMOUNT REAFFIRMED*

The amount of debt you have agreed to reaffirm:       $8,859.42

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure.  Your credit agreement may obligate you to pay additional amounts which may come due after the date of this Disclosure.  Consult your credit agreement.*

*ANNUAL PERCENTAGE RATE*

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

~~a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.~~

~~(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if so such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: 9.00%~~

~~—— And/Or ——~~

~~(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: N/A%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~



b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 9.00%

--- And/Or ---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: 9.00%. ~~If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~

$~~~~~~~~~~~~ @ ~~~~~~~~~~~ %;~~
$~~~~~~~~~~~~ @ ~~~~~~~~~~~ %;~~
$~~~~~~~~~~~~ @ ~~~~~~~~~~~ %.~~

    c. if the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

~~The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.~~

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

Item or Type of Item                          Original Purchase Price or Orig Amount of Loan
2006 Ford F250                                $26,918.57
1FTSX20P26EC43544

*Optional*---*At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

~~Your first payment in the amount of $_____ is due on _____(date), but the future payment amount may be different.  Consult your reaffirmation agreement or credit agreement, as applicable.~~

–Or–

~~Your payment schedule will be:_____(number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etcs) on the _____(day) of each _____ (week, month, etc.), unless altered later by mutual agreement in writing.~~

–Or–

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
| --- | --- | --- |
| 23 | $348.73 | Commencing 07/11/2013 and continuing on the same day of each succeeding month 05/11/2015 |
| 1 | $348.38 | 06/11/2015 |
| 3 | $348.73 | 07/11/2015 – 09/11/2015 |

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision**. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure that you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, you reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on the reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or cancelled).

Frequently Asked Questions:

What are your obligations if you reaffirm the debt?  A reaffirmed debt remains your personal legal obligation.  It is not discharged in your bankruptcy case.  That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages.  Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement.  For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law?  No, you are not required to reaffirm a debt by any law.  Only agree to reaffirm a debt if it is in your best interest.  Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien?  Your bankruptcy discharge does not eliminate any lien on your property.  A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed.  Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor my still have the right to take the security property if you do not pay the debt or default on it.  If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt.  To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

NOTE:  When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission.  The word "may" is used to tell you what might occur if the law permits the creditor to take the action.  If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt.  If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**PART B:  REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1.  Brief description of credit agreement - Contract Type:  Installment Contract

| | |
|---|---|
| Contract Date: | December 16, 2006 |
| Original APR: | 9.00% |
| Original Monthly Payments: | $576.58 ($348.73 per re-write) |
| Total Cash Price: | $26,918.57 |
| (Amount Financed) | |

2.  Description of any changes to the credit agreement made a part of this reaffirmation agreement:

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 23 | $348.73 | Commencing 07/11/2013 and continuing on the same day of each succeeding month 05/11/2015 |
| 1 | $348.38 | 06/11/2015 |
| 3 | $348.73 | 07/11/2015 – 09/11/2015 |

SIGNATURE(S):

Borrower: _____

_____
CARLOS E. RAZURA, SR.

_____
(Signature)

Date: 7-23-2013

Co-borrower, if also reaffirming these debts:

_____

_____
(Signature)

Date: _____

Accepted By Creditor:

FORD MOTOR CREDIT COMPANY

7-25-13

_____
(Signature)
Law Offices of Austin P. Nagel
Attorney for Secured Creditor,
FORD MOTOR CREDIT COMPANY
111 Deerwood Road, Suite 305
San Ramon, CA 94583

**PART C:  CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

     I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

     ☐ *[Check box, if applicable and the creditor is not a Credit Union.]*  A presumption of undue hardship has been established with respect to this agreement.  In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney:    JACQUELINE KLEIN, ESQ.

Signature of Debtor's Attorney:    _____

Date:  _____

PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorneys, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on a post-bankruptcy debt and other reaffirmation agreements total $_____, leaving $_____ to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this resumption may be overcome if I explalin to the satisfaction of the court how I can afford to make the payments here: I expect business income to increase as the economy improves. **Please see below.
(Use an additional page if needed for a full explanation.)

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed Reaffirmation Agreement.

Signed: _____
      CARLOS E. RAZURA, SR.
      (Debtor)

**I request that Ford Motor Credit Co. allow automatic payments to be re-instated.
      (Joint Debtor, if any)

Date: 7-23-2013

                - Or –
      [If the creditor is a Credit Union and the debtor is represented by an attorney]

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed Reaffirmation Agreement.

Signed: _____
      CARLOS E. RAZURA, SR.
      (Debtor)

      _____
      (Joint Debtor, if any)

Date: _____

**PART E:  MOTION FOR COURT APPROVAL**
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*


### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (check all applicable boxes):

☒ Part C:  Certification by Debtor's Attorney 11 U.S.C. § 524(c)(6)
(debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☒ Part C:  Certification by Debtor's Attorney 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
CARLOS E. RAZURA, SR.
(Debtor)

_____
(Joint Debtor, if any)

Date: 7-23-2013

FBKE.3308

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE INTEREST FINANCE CHARGE

Dealer Number 52375    Contract Number    R.O.S Number 13624391    Stock Number 2916

Buyer (and Co-Buyer) Name and Address (including County and Zip Code):
LOS E ARREOLA
421 CLARA CT
BAY POINT CA CONTRA COSTA 94565

Creditor - Seller (Name and Address):
L AND M INC. dba DIABLO FL
2675 RAILROAD AVE.
PITTSBURG, CA    94565

P 2006

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2006 | FORD F250 PICKUP | 55 | 1FTSX20P26EC43644 | ☑ personal, family or household ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 9000.00 |
|---|---|---|---|---|
| 10.36 % | $ 7676.29 | $ 26918.62 | $ 34594.80 | $ 43594.80 |

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 66 Payments | 576.68 | Monthly Beginning 01/15/07 |
| Payments | N/A | Monthly Beginning |
| One Final Payment | 576.68 | 12/15/2011 |

## ITEMIZATION OF THE AMOUNT FINANCED

1. Total Cash Price
   - A. Cash Price of Motor Vehicle and Accessories $ 29977.00(A)
     - Cash Price Vehicle $ 29777.00
     - Cash Price Accessories $ 200.00
   - B. Document Preparation Fee (not a governmental fee) $ 45.00(B)
   - C. Smog Fee Paid to Seller $ N/A(C)
   - D. Theft Deterrent Device $ N/A(D)
   - E. Theft Deterrent Device $ N/A(E)
   - F. Surface Protection Product $ N/A(F)
   - G. Surface Protection Product $ N/A(G)
   - H. Sales Tax (on taxable items in A through F) $ 2476.82(H)
   - I. Optional DMV Electronic Filing Fee* $ N/A(I)
   - J. (Optional) Service Contract (to whom paid) ESP $ 2550.00(J)
   - K. (Optional) Service Contract (to whom paid) $ N/A(K)
   - L. Prior Credit or Lease Balance paid by Seller to $ N/A(L)
     (see downpayment and trade-in calculation)
   - M. (Optional) Gap Contract (to whom paid) N/A $ N/A(M)
   - N. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A(N)
   - O. Other (to whom paid) $ N/A(O)
   Total Cash Price (A through O) $ 35448.82(1)

2. Amounts Paid to Public Officials
   - A. License Fees $ 461.00(A)
   - B. Registration/Transfer/Titling Fees $ N/A(B)
   - C. California Tire Fees* $ 8.75(C)
   - D. Other $ N/A(D)
   - E. Other N/A $ N/A(E)
   Total Official Fees (A through E) $ 469.75(2)

3. Amount Paid to Insurance Companies
   (Total premiums from Statement of Insurance column a + b)* $ N/A(3)

4. Smog Certification or Exemption Fee Paid to State $ N/A(4)

5. Subtotal (1 through 4) $ 35918.57(5)

6. Total Downpayment
   - A. Agreed Trade-in Value N/A Make N/A $ N/A(A)
     Year N/A Model N/A
     V.I.N. N/A
   - B. Less Prior Credit or Lease Balance $ N/A(B)
   - C. Net Trade-in (A less B) (indicate if a negative number) $ N/A(C)
   - D. Deferred Downpayment $ N/A(D)
   - E. Manufacturer's Rebate $ 4000.00(E)
   - F. Other $ N/A(F)
   - G. Other $ N/A(G)
   Total Downpayment (C through G) $ 9000.00 (6)
   (if negative, enter zero on line 6 and see the amount less than zero is a positive number on line 1L above)

7. Amount Financed (5 less 6) $ 26918.62(7)
*Seller may keep part of these amounts.

Case: 13-43206    Doc# 11   Filed: 07/25/13   Entered: 07/25/13 15:53:00    Page 12 of 13

ORIGINAL LIENHOLDER

## NOTICE OF TRANSFER AND
## RELEASE OF LIABILITY
*MAIL THIS FORM TO DMV*

**A.** NEW OWNER'S *LAST NAME (OR)* COMPANY NAME    FIRST

**B.** NEW OWNER'S ADDRESS    APT NUMBER    **C.** ODOMETER READING (NO TENTHS)

**D.** CITY    STATE    ZIP CODE    **E.** DATE OF SALE OR LEASE RETURN
MO    DAY    YR

**F.** SELLER'S OR LESSEE'S *LAST NAME (OR)* COMPANY NAME    FIRST    **G.** SELLING PRICE (NO CENTS)
WHOLE DOLLARS

**H.** SELLER'S OR LESSEE'S ADDRESS    APT NUMBER    **I.** SELLER'S OR LESSEE'S SIGNATURE
X

**J.** CITY    STATE    ZIP CODE

VEHICLE ID NUMBER    YR MODEL    MAKE    PLATE NUMBER

1FTSX20P26EC43544    2006 FORD    8G62994

REG 138A (REV. 8/2007)

---

### STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

VEHICLE HISTORY

**NO6130607AS**

**COMMERCIAL**

VEHICLE ID NUMBER    YR MODEL    MAKE    PLATE NUMBER
1FTSX20P26EC43544    2006 FORD    8G62994

BODY TYPE MODEL    AX    UNLADEN WEIGHT    FUEL    TRANSFER DATE    FEES PAID    REGISTRATION EXPIRATION DATE
4C    2 06305 D    NONE    12/31/2013

YR 1ST SOLD    CLASS    YR    MO    EQUIPMT/TRUST NUMBER    ISSUE DATE
2006 HV    2007    UT    06/15/13

MOTORCYCLE ENGINE NUMBER    ODOMETER DATE    ODOMETER READING
12/16/2006    55 MI
ACTUAL MILEAGE

REGISTERED OWNER(S)

ARREOLA CARLOS E
532 VIRGIL ST
BAY POINT CA 94565

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. _____ DATE _____ X _____
SIGNATURE OF REGISTERED OWNER

1b. _____ DATE _____ X _____
SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ ] [ ] [ ] [ ] [ ] [ ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

WARNING ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE    TRANSFEROR/SELLER SIGNATURE(S)    DATE    TRANSFEREE/BUYER SIGNATURE(S)
X    X

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY    PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

FORD MTR CRDT CO
260 INTERSTATE N PKWY NW
ATLANTA
GA 30339

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

024792

**CA 144838911**

REG. 17.30RS (REV.6/10)

KEEP IN A SAFE PLACE – VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW
VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW